## GRAVITT *v.* OWEN, sheriff.

BECK, J. 1. Where a chattel mortgage given to secure the payment of a promissory note made payable to a named payee or bearer was foreclosed by one "as holder" of the same, and a mortgage fi. fa. was issued in favor of this "holder," and was levied upon the personalty described in the mortgage, and this property was sold by the levying officer, and

subsequently another creditor having a judgment against the mortgagor, junior to the mortgage, caused a garnishment to be served on the levying officer, who answered in general terms that he had funds in his hands belonging to the mortgagor, meaning the funds arising from the sale under the mortgage fi. fa., but did not set forth that the funds arose from the sale of the property under the mortgage fi. fa., and suffered judgment to be rendered against himself in favor of the garnishing creditor, he could not contest the right of the holder of the mortgage to enforce the lien of the same by foreclosure and levy.

2. Nor was the officer, when ruled by the plaintiff in the mortgage fi. fa. to compel him to pay over the proceeds of the sale under the mortgage fi. fa., entitled to have the amount of the judgment which the garnishing creditor had obtained deducted from the proceeds of the sale and applied to that judgment. And the court erred in holding that an amount sufficient to pay this judgment should be deducted from the fund arising from the sale under the mortgage fi. fa., and applied to the satisfaction of the execution in favor of the garnishing creditor.

<em>Judgment reversed. All the Justices concur.</em>

MAY 15, 1914.

Money rule. Before Judge Fite. Gordon superior court. April 9, 1913.

*J. M. Lang* and *O. N. Starr,* for plaintiff.

*F. A. Cantrell* and *J. G. B. Erwin,* for defendant.